UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARRIE YATES,<br><br>    *Plaintiff*,<br><br>v.<br><br>WASHINGTON FEDERATION OF STATE EMPLOYEES, AMERICAN FEDERATION OF STATES, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 28 AFL-CIO, a labor organization, JAY INSLEE, in his official capacity as Governor of the State of Washington; and SUE BIRCH, in her official capacity as Director of the Washington State Healthcare Authority,<br><br>    *Defendants*. | CASE NO. 3:20-cv-05082-BJR<br><br>ORDER GRANTING STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c) |

## I. INTRODUCTION

Before the Court is the second dispositive motion filed in this case. The Judge presiding over this case before it was transferred to the undersigned previously granted Defendant Washington Federation of State Employees' ("WFSE") Motion to Dismiss Plaintiff's claims under 42 U.S.C § 1983 ("Section 1983"). *See* Order on Def. WFSE's Mot. to Dismiss, Dkt. No. 29 ("MTD Order"). Governor Jay Inslee and Director Sue Birch (the "State Defendants") now seek dismissal of the same claims. State Defs.'s Mot. for J. on the Pleadings, Dkt. No. 31 ("State Defs.'

1

Mot."). Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant the State Defendants' Motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

The previous order in this case laid out the relevant facts. *See* MTD Order at 2–4. In brief, Plaintiff is employed as a Medical Assist Specialist 3 with the Washington State Healthcare Authority. When she was first hired in 2004, she became a dues-paying union member of WFSE. Compl., Dkt. No. 1 ¶¶ 11–12. On October 11, 2018, Plaintiff purported to resign from WFSE and object to all further membership dues deductions from her paycheck. *Id.* ¶ 14. She claims that, at that time, she learned that WFSE had forged her signature on a June 21, 2018 dues deduction authorization, which prevented her from deauthorizing paycheck deductions until a 10-day revocation period at the end of a yearly period. *Id.* ¶ 15. Plaintiff alleges that WFSE did not permit her to withdraw from union membership until June 2019 and, while dues deductions ceased, she claims WFSE did not refunded any of the dues taken either before or after she purported to resign. Compl. ¶¶ 27–28.

On January 30, 2020, Plaintiff filed suit in this Court. *See* Compl., Dkt. No. 1. She advances causes of action under Section 1983 for violations of the First Amendment and the Due Process Clause of the Fourteenth Amendment. *Id.* ¶¶ 30–45. She seeks declaratory relief, damages, prospective injunctive relief, and costs and attorney's fees. *Id.* ¶¶ 59–67. Plaintiff also pleads state law claims for willful withholding of wages and outrage. *Id.* ¶¶ 46–58. Her case was originally assigned to Judge Ronald B. Leighton.

On June 12, 2020, Judge Leighton granted a motion to dismiss brought by WFSE alone.

*See* MTD Order, Dkt. No. 29.  Judge Leighton found that Plaintiff's claims against WFSE failed because Plaintiff could not show state action under Section 1983, *id.* at 5–9, nor standing to assert prospective claims for relief, *id.* at 9–11.  He declined, however, to forgo supplemental jurisdiction over Plaintiff's state law claims as the State Defendants had not moved to dismiss.  *Id.* at 12.  These Defendants then moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c).  State Defs.' Mot., Dkt. No. 31.  After briefing on the Motion was completed, this case was reassigned to the undersigned upon Judge Leighton's retirement.

### III.   LEGAL STANDARD

The Court evaluates a motion for judgment on the pleadings pursuant to FRCP 12(c) under the same standard as a motion to dismiss for failure to state a claim under FRCP 12(b)(6).  *See VHT, Inc. v. Zillow Grp., Inc.*, No. 15-cv-1096, 2020 WL 2307492, at *6 (W.D. Wash. May 8, 2020) (citing *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).  Under this standard, the Court must "determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Id.* (quoting *Chavez*, 683 F.3d at 1108).  Additionally, a district court may dismiss *sua sponte* any claims on which it finds the claimant "cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  Judge Leighton laid out the applicable standard in greater depth in his previous order.  *See* MTD Order at 4–5.

### IV.   DISCUSSION

The undersigned recently granted summary judgment in favor of State and union defendants in a case materially indistinguishable from the one at hand, except for Plaintiff's allegation of forgery.  *See Wagner v. Univ. of Washington*, No. 20-cv-00091, 2020 WL 5500371 (W.D. Wash. Sept. 11, 2020).  More broadly, Plaintiff's case is one among an avalanche of cases

3

filed by former public sector union members who, after the Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), sought to recover the union dues they paid pursuant to their union membership agreements by claiming First Amendment and Due Process violations. *See Wagner*, 2020 WL 5500371, at *4 n.2 (listing cases). Every district court to review such claims has dismissed the plaintiffs' case on largely the same grounds as the Court finds below.

A. Standing

Plaintiff seeks prospective declaratory and injunctive relief condemning the State's current dues deduction scheme, which is established by a combination of statute, RCW § 41.80.100, and the Collective Bargaining Agreement between the State—as employer—and WFSE—as representative of the public sector employees. *See* Compl. ¶ 65. The State Defendants move for dismissal of Plaintiff's prospective claims arguing she lacks standing for such claims as she is no longer having dues deducted from her wages and is, therefore, no longer threatened by her alleged harm of further unlawful deductions. State Defs.' Mot. at 4–7.

Under the Article III standing requirement of the U.S. Constitution, Plaintiff only has standing to challenge the prospective operation of a statute where she can show "a realistic and impending threat of direct injury." MTD Order at 10 (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). Thus, in order to establish that she has sufficient standing to seek prospective relief, she "must show that [s]he has suffered or is threatened with a concrete and particularized legal harm . . . coupled with a sufficient likelihood that [s]he will again be wronged in a similar way." *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002).

As Judge Leighton established in his previous order, Plaintiff fails to show that similar injury is imminent because the prospect of future forgery by WFSE, and the State's reliance on

4

such a forgery, is too speculative to support prospective relief. *Id.* at 10. Plaintiff has already ceased having dues deducted from her wages and the Court credits WFSE's representations that it has a detailed protocol for electronically enrolling union members and that its has created a specific alert if anyone attempts to reenroll Plaintiff. *Id.* It is, therefore, unlikely that the State would again deduct membership dues from Plaintiff's wages without authentic confirmation from Plaintiff. As such, the Court will dismiss Plaintiff's prospective relief claims against the State Defendants because she cannot show the likelihood of similar injury in the future. *See Marsh v. AFSCME Local 3299*, No. 19-cv-02382, 2020 WL 4339880, at *4–*5 (E.D. Cal. July 28, 2020) (concluding that, notwithstanding an allegation of forgery, the plaintiffs lacked standing to assert claims for prospective relief because they could not show more than a speculative allegation of future injury based on the possibility of misconduct).

### B. Section 1983 Claims

Plaintiff's remaining Section 1983 claims are dismissible on the same grounds as found by every single district court that has confronted claims materially indistinguishable to those of Plaintiff. *See Wagner*, 2020 WL 5500371, at *4 n.2 (listing cases). In order to state a claim for relief under Section 1983, Plaintiff must show that she was deprived of a right secured by the Constitution or laws of the United States. *Id.* at *3 (citing *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020)). She cannot do so.

Plaintiff claims that *Janus* established a First Amendment right to be free of union dues deductions. *See* Compl. ¶ 31. *Janus*, however, spoke only to the deduction of state compelled fees from nonconsenting, *non-union members*, not *union members* like Plaintiff. Nothing in *Janus* altered a union member's contractual obligation to pay the union dues they agreed to pay pursuant

5

to their membership because "the First Amendment does not confer . . . a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991). Thus, Plaintiff's Section 1983 claims based on the First Amendment fail because she was not deprived of a right secured by the First Amendment as *Janus* did not obviate her contractual commitment pursuant to her original membership agreement. *See Wagner*, 2020 WL 5500371, at *3–*4.

Plaintiff's Due Process claims fail on the same grounds. In order to establish violation of the Fourteenth Amendment's Due Process Clause, Plaintiff must show she was deprived of a constitutionally protected liberty or property interest and that such deprivation occurred without proper procedural safeguards. *Id.* at *5 (citing *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018)). Again, Plaintiff fails to establish a deprivation of a right secured by the Fourteenth Amendment because *Janus* established only protected liberty or property interests for *non-union members*, not *union members* like Plaintiff. *See Wagner*, 2020 WL 5500371, at *4–5. The Court will, therefore, dismiss Plaintiff's Section 1983 claims based on the First Amendment and the Due Process Clause of the Fourteenth Amendment.

**C. State Law Claims**

Based on the foregoing, the Court declines supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) (a court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *see also* MTD Order at 12. Plaintiff pleads (1) a claim for willful withholding of wagers pursuant to RCW 49.52.050 against both WFSE and the State Defendants, Compl. ¶¶ 46–51, and (2) outrage against only WFSE, *id.* ¶ 52–58. Both claims are premised on Plaintiff's allegation of forgery, which, as the Court noted in

its previous order, would also fall under a state law cause of action for unfair labor practices under the jurisdiction of the Washington Public Employee Relations Commission. *See* MTD Order at 2 (citing RCW § 41.35.160). As such, the Court finds it appropriate to decline supplemental jurisdiction over the remaining claims.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the State Defendants' Motion for Judgment on the Pleadings and DISMISSES Plaintiff's Section 1983 claims against the State Defendants. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and orders that this case be DISMISSED.

DATED this 16th day of September, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE